

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 9, 1975

The Honorable Joe Lassiter
Chairman, Texas Private Employment
  Agency Regulatory Board
P. O. Box 12157
Austin, Texas 78757

Opinion No. H- 712

Re: Whether certain temporary
employment agencies are subject
to regulation under article 5221a-6,
V. T. C. S.

Dear Chairman Lassiter:

You have requested our opinion regarding whether certain temporary employment agencies are subject to regulation under article 5221a-6, V. T. C. S. That statute is applicable to every "private employment agency" as defined in section 1(e), "except as . . . exempted from [its] provisions. . . ." Section 2 provides, however, that:

> . . . the provisions of this Act shall not apply to
> any person conducting a business which consists
> of employing individuals directly for the purpose
> of furnishing part-time or temporary help to others.

You state that persons who are assigned to work by a temporary employment agency are, in the typical instance, directly employed and paid by the agency. In most cases, however, the terms of the agency's contract with the contracting employer state that, if it should retain the employee on a permanent basis, the contracting employer, or in some cases the employee, is liable to the agency for a "liquidation fee." You inquire whether this procedure brings the temporary employment agency within the regulatory purview of article 5221a-6.

In our opinion, a temporary employment agency which occasionally offers other services, but whose overriding business activity is that stated in the exception, does not thereby fall outside the exception. Where the employee is on the agency's payroll and subsequently accepts a position with the contracting employer, payment to the agency would appear to be a kind of liquidated damages given in consideration of the agency's loss of its employee rather than the kind of "fee" contemplated by section 1(b) of the statute.

You have not provided us with any specific instances, and we believe that each such situation must be judged on its particular facts. In doing so, the Board should keep in mind the purposes of the Act, as expressed in Attorney General Opinion M-750 (1970). It should be vigilant to insure that no business which is in fact a "private employment agency" as defined in section 1(e) is permitted to utilize the exception as a subterfuge by which to avoid regulation.

## SUMMARY

In general, a temporary employment agency, whose business "consists of employing individuals directly for the purpose of furnishing part-time or temporary help to others," is excepted from regulation under article 5221a-6, V. T. C. S., but each case must be judged on its particular facts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb